NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-423                                      Appeals Court

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 22188  vs.  SEX
OFFENDER REGISTRY BOARD.

No. 18-P-423.

Essex.      October 2, 2019. - December 20, 2019.

Present:  Milkey, Sullivan, & Ditkoff, JJ.

Practice, Civil, Sex offender.  Sex Offender.  Sex Offender
    Registration and Community Notification Act.  Evidence,
    Expert opinion.  Regulation.  Administrative Law, Agency's
    interpretation of regulation, Remand to agency.

Civil action commenced in the Superior Court Department on
January 3, 2017.

The case was heard by Richard T. Tucker, J., on a motion
for judgment on the pleadings.

Brandon L. Campbell for the plaintiff.
John P. Bosse for Sex Offender Registry Board.

SULLIVAN, J.  The plaintiff, John Doe, appeals from a

Superior Court judgment affirming the Sex Offender Registry

Board's (SORB) classification of Doe as a level three sex

offender.  See G. L. c. 6, § 178K (2) (c).  Doe contends, among

other things, that the SORB hearing examiner incorrectly applied the agency's risk factor regulations, which define repetitive and compulsive behavior, and improperly excluded expert evidence that challenged the regulation.  See G. L. c. 6, § 178K (1) (a) (ii); 803 Code Mass. Regs. § 1.33(2) (2016).[1]  We conclude that the hearing examiner erred by applying full aggravating weight to factor 2, repetitive and compulsive behavior, in a situation where the repetitive behavior occurred without an intervening indictment or conviction, because granting full aggravating weight in these circumstances was inconsistent with SORB regulations.  We also conclude that it was error to exclude expert testimony regarding the research on which the regulations describing repetitive and compulsive behavior are based. Accordingly, we vacate the judgment and remand the case for further proceedings.

Background.  After an evidentiary hearing, the SORB hearing examiner found the following:  On July 30, 1989, around 4:30 A.M., Doe, then age twenty-five, broke into and entered the apartment of a thirty-two year old woman.  He held her at knifepoint, robbed her of $900, and raped her.  Doe then fled from the apartment.

---

[1] All citations to 803 Code Mass. Regs. § 1.33 and its subsections are to the 2016 version of the regulations.

Eight days later on August 7, 1989, Doe entered a second building at around 2:15 A.M. Doe found his second victim, a thirty-seven year old woman, asleep on the second floor of her in-law's house. Doe placed a knife at her throat and told her not to speak. He then robbed her of $400, led her downstairs to the kitchen, raped her, and fled. Doe was under the influence of crack cocaine during both attacks.

Doe was subsequently indicted. On June 7, 1990, a Superior Court jury found Doe guilty of aggravated rape, G. L. c. 265, § 22 (a), in connection with the second incident on August 7, 1989.[2] He was sentenced to a term of from twelve to thirty years in State prison. On March 12, 1991, Doe pleaded guilty to aggravated rape for his actions in the first incident on July 30, 1989.[3] He was sentenced to a term of from fifteen to thirty years in State prison, to be served concurrently with the sentences imposed for the second incident. As his release date neared, SORB classified him as a level three offender, and Doe challenged the classification.

---

[2] The jury also found Doe guilty of armed assault in a dwelling, G. L. c. 265, § 18A; armed robbery, G. L. c. 265, § 17; and assault and battery by means of a dangerous weapon, a knife, G. L. c. 265, § 15A.

[3] Doe also pleaded guilty to armed robbery, G. L. c. 265, § 17; assaultive burglary, G. L. c. 266, § 14; and assault and battery by means of a dangerous weapon, a knife, G. L. c. 265, § 15A.

A hearing was held on July 19, 2016, at which time Doe was fifty-two years old. Only one statutory high risk factor was present in the case, that is, factor 2, repetitive and compulsive behavior. See G. L. c. 6, § 178K (1) (a) (i)-(vi). See also 803 Code Mass. Regs. § 1.33(1)-(6). The hearing examiner found that because the two offenses were committed eight days apart, Doe "had ample opportunity to reflect on the wrongfulness of his conduct." The hearing examiner gave this factor full aggravating weight, the highest weight under the applicable guidelines. See 803 Code Mass. Regs. § 1.33(2).

In rendering his decision, the hearing examiner also considered a number of risk-elevating factors, as described in the guidelines, including the fact that there were two stranger victims, threats, the use of a weapon and violence, the high level of physical contact (i.e., forcible penile penetration), and Doe's history of alcohol and drug abuse. See 803 Code Mass. Regs. § 1.33(7)-(27). The examiner gave full aggravating weight to these risk-elevating factors.[4] In addition, the hearing

---

[4] These factors included factor 7, relationship between the offender and victim; factor 8, weapons, violence, or infliction of bodily injury; factor 9, alcohol and substance abuse; factor 10, contact with criminal justice system; factor 16, public place; factor 19, level of physical contact; factor 22, number of victims; factor 24, less than satisfactory participation in sex offender treatment; and factor 11, violence unrelated to sexual assaults. He gave "somewhat temper[ed] . . . aggravating weight" to factor 12, behavior while incarcerated or civilly

examiner considered the fact that Doe had dropped out of sex offender treatment for several years while he pursued a college degree in prison, but acknowledged that he had actively participated since his return to treatment in 2014. The examiner gave Doe's treatment history only "minimal" weight. In a similar vein, Doe had had disciplinary reports in prison at one time, but had had none in the previous eight years.

The hearing examiner also weighed several risk-mitigating factors. See 803 Code Mass. Regs. § 1.33(28)-(34). He gave full weight to Doe's advanced age, to Doe's educational attainments, religious conversion, and regular participation in religious services as a Jehovah's Witness. He gave some mitigating weight to Doe's family and community support systems,[5] but ultimately concluded that the mitigating factors were "far outweighed" by the aggravating factors, thus resulting in the level three classification.[6]

---

committed; and moderate weight to factor 13, noncompliance with community supervision. See 803 Code Mass. Regs. § 1.33(7)-(27).

[5] See factor 33, home situation and support systems; and factor 34, materials submitted by the sex offender regarding stability in the community.

[6] The hearing examiner considered additional factors pursuant to 803 Code Mass. Regs. § 1.33(35)-(38), including a victim impact statement under factor 38, and "several articles regarding sex offender recidivism" provided by Doe, under factor 37, other information related to the nature of the sexual behavior. The hearing examiner did not weigh the victim impact

Discussion.  "In reviewing SORB's decisions, we 'give due weight to the experience, technical competence, and specialized knowledge of the agency.'"  Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 602 (2013) (Doe No. 205614), quoting G. L. c. 30A, § 14 (7).  However, "[a] reviewing court may set aside or modify SORB's classification decision where it determines that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence."  Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019), citing G. L. c. 30A, § 14 (7).

1.  Repetitive and compulsive behavior.  Doe contends that the hearing examiner erred by applying full aggravating weight to the second statutory risk factor, repetitive and compulsive behavior.  As is more fully discussed below, the regulation permits SORB to give highest weight to this factor only when the sex offender reoffends after being "charged with or convicted of a sex offense."  803 Code Mass. Regs. § 1.33(2).[7]  See G. L.

---

statement, and "[did] not give . . . much weight" to the articles because SORB's regulations contain similar research.

[7] Title 803 Code Mass. Regs. § 1.33(2), "Factor 2: Repetitive and Compulsive Behavior," states, in pertinent part:

"(a) Adult Male.  Repetitive and compulsive behavior is associated with a high risk of reoffense.  Factor 2 is

c. 6, § 178K (1) (a) (ii).  Because Doe committed his second offense before being charged with or convicted of his first offense, he maintains that the hearing examiner's decision to give full aggravating weight to this factor was error.  We agree.

It is true that "[a] hearing examiner has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor . . . ."  Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014) (Doe No. 68549).  The exercise of that discretion must, nevertheless, conform to applicable law.  "We 'accord an agency's

---

applied when a sex offender engages in two or more separate episodes of sexual misconduct.  To be considered separate episodes there must be time or opportunity, between the episodes, for the offender to reflect on the wrongfulness of his conduct.

"The Board may give increased weight to offenders who have been discovered and confronted (by someone other than the victim) or investigated by an authority for sexual misconduct and, nonetheless, commit a subsequent act of sexual misconduct.  The most weight shall be given to an offender who engages in sexual misconduct after having been charged with or convicted of a sex offense.  (Harris et al., 2003; Harris and Hanson, 2004).

. . .

"An offender who engages in sexual misconduct after having been charged with or convicted of a prior sex offense presents an even higher risk to reoffend."

interpretation of its own regulations considerable deference unless [it is] arbitrary, unreasonable, or inconsistent with the plain terms of the regulations themselves.'" Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 623 (2010), quoting Rasheed v. Commissioner of Correction, 446 Mass. 463, 476 (2006).

Here, giving factor 2, repetitive and compulsive behavior, full aggravating weight was inconsistent with the plain terms of the SORB regulation, which sets forth the weight to be given in each of the three distinct factual scenarios. See 803 Code Mass. Regs. § 1.33(2). Factor 2 applies at its threshold weight any time an offender "engages in two or more separate episodes of sexual misconduct" where there is "time or opportunity, between the episodes, for the offender to reflect on the wrongfulness of his conduct." SORB may "give increased weight to offenders who have been discovered and confronted (by someone other than the victim) or investigated by an authority for sexual misconduct and, nonetheless, commit a subsequent act of sexual misconduct." The third and highest weight is given where "an offender . . . engages in sexual misconduct after having been charged with or convicted of a sex offense." 803 Code Mass. Regs. § 1.33(2).

The hearing examiner found that Doe committed two sexual offenses, and that Doe had ample opportunity to reflect on the

wrongfulness of his conduct in the eight days between those two offenses. These facts bring Doe within the scope of the first, threshold level of weight. However, there are no findings to support giving increased weight, let alone full aggravating weight, to factor 2. Doe was not "discovered and confronted" or "investigated . . . for sexual misconduct" before his second offense, much less "charged with or convicted of a sex offense" prior to his second offense. 803 Code Mass. Regs. § 1.33(2). Consequently, the hearing examiner erred by giving factor 2, repetitive and compulsive behavior, full aggravating weight.

2. Excluded testimony. Doe sought to admit a transcript of the testimony of Dr. R. Karl Hanson from a previous SORB hearing held in January 2014. In that hearing, Hanson testified that SORB misunderstood and misapplied his research, and that of other researchers, in formulating its regulations regarding repetitive and compulsive behavior. The hearing examiner ruled (without elaboration) that a transcript of the testimony was inadmissible on "confidentiality grounds."

"[A] SORB classification decision will be deemed '[a]rbitrary or capricious,' G. L. c. 30A, § 14 (7) (g), if it fails to take into account reliable evidence that a factor relevant to a given offender affects the likelihood that the offender will recidivate." Doe No. 68549, 470 Mass. at 112. Here, the evidence offered was reliable, and was relevant to

Doe's likelihood of recidivism.  The evidence was reliable because Hanson is an authority on whose research SORB relies for its regulations in general, and this regulation in particular.  See 803 Code Mass. Regs. § 1.33(2) (citing a 2004 study co-authored by Hanson).  See also Doe No. 205614, 466 Mass. at 604 (noting Hanson's authoritative contribution to the SORB guidelines as in effect in 2008).  The transcript of Hanson's prior testimony was directly relevant to the hearing examiner's assessment of the weight to be given factor 2, because Hanson's testimony addressed whether there is predictive value in considering multiple offenses when the sexual offender has not been confronted, apprehended, or charged before the subsequent offense occurs.[8]

---

[8] The excluded testimony addressed SORB's risk factor regulations as in effect in January 2014, see 803 Code Mass. Regs. § 1.40 (2013), rather than the current risk factor regulations, 803 Code Mass. Regs. § 1.33.  However, Hanson's analysis remains germane to the current regulations.  The excluded testimony was as follows:

> Attorney:  "I'm showing you . . . Factor 2, and I'm going to ask you to take a look at this.  It's entitled Repetitive and Compulsive Behavior."
>
> Dr. Hanson:  "Right."
>
> Attorney:  "Now, your research is cited in that, your 1996 and 1998 research is cited in there."
>
> Dr. Hanson:  "1999 and 1998."
>
> Attorney:  "And can you comment on that?"

The hearing examiner's exclusion of the transcript on confidentiality grounds lacked a basis in the record.  All identifying information in the transcript had been redacted. The portion of the testimony offered, as redacted, was general in nature and did not address facts specific to any case, or permit the identification of a victim.  Counsel for the offender in the case in which the testimony was given signed an affidavit stating that her client had authorized sharing a redacted copy of Hanson's testimony.

While we express no opinion as to the weight, if any, to be given to this testimony, the evidence should have been admitted

---

D̲r̲. H̲anson: "Yeah.  It's -- it does not, these studies of mine, actually none of the studies here, actually none of those, not only mine but none of the studies here actually support the interpretation provided for this do it twice and you're compulsive or that increases your risk."

A̲ttorney:  "So that fact that someone offended more than once, does that have any predictive value?"

D̲r̲. H̲anson:  "No, it does not. . . .  We have studied that very carefully and it does not, and we even knew it at the time in 2000.  If a person offends, gets caught and then goes on to reoffend again, that's trouble.  It means that the criminal justice system or whatever thing doesn't inhibit them, but you know, it's like speeding or something.  It's rarely that you'll get caught the first time you break the speed limit.  People are doing something for a period of time and then they get caught and then they stop.  So . . . rarely will it be a single incident in fact.  You may identify a single incident but rarely is that actually the case."

and considered by the hearing examiner.  See Doe No. 68549, 470 Mass. at 112.

3.  Prejudice.  We are persuaded that the errors here prejudiced Doe.  Factor 2 was the only applicable high risk factor, and was therefore material to the final weight to be given aggravating and mitigating factors.  Because Hanson's testimony bore directly on the hearing examiner's decision to give full aggravating weight to the risk factor of repetitive and compulsive behavior, Doe's "substantial rights . . . may have been prejudiced" on that basis as well.  G. L. c. 30A, § 14 (7).  See Doe, Sex Offender Registry Bd. No. 15606 v. Sex Offender Registry Bd., 452 Mass. 784, 788 (2008).  In combination, the errors require a new hearing.[9]

Accordingly, the judgment is vacated and a new judgment shall enter vacating the decision of SORB and remanding the matter to SORB for further proceedings consistent with this opinion.

So ordered.

_____

[9] We reject Doe's argument that the level three classification lacked substantial evidence on this record, but express no opinion as to any future classification.  Doe further contends that the hearing examiner erred by denying his motion for expert funds.  We also leave any future ruling on this issue to the agency on remand.

MILKEY, J. (concurring).  I agree with the majority opinion, including its holding that the hearing examiner erred in assigning full aggravating weight to the statutory high risk factor known as "factor 2" (repetitive and compulsive behavior).  See G. L. c. 6, § 178K (1) (a) (ii).  I write separately to state my view that there is at least serious doubt whether, on remand, the hearing examiner could assign any weight to factor 2 on this administrative record.

Under the express terms of the statute, factor 2 applies only where the offending behavior is both repetitive and compulsive.  See G. L. c. 6, § 178K (1) (a) (ii) (factor 2 applies where "the sex offender's conduct is characterized by repetitive and compulsive behavior").  Because the plaintiff had committed two sex offenses, his offending was -- by definition -- repetitive.  However, the Sex Offender Registry Board (board) did not marshal evidence to demonstrate that the plaintiff's conduct also was compulsive, that is, driven by psychological compulsions.  See Webster's Third New International Dictionary 468 (2002) (defining "compulsive" in pertinent part as "of, having to do with, caused by, or suggestive of psychological compulsion or obsession").[1]  The hearing examiner nevertheless

_____

[1] See also Webster's Third New International Dictionary 468 (defining "compulsion" as "1a:  an act of compelling:  a driving by force, power, pressure, or necessity . . . b:  a force or agency that compels . . . c:  a condition marked by compelling,

concluded that factor 2 applied simply because eight days had separated the plaintiff's two sex offenses. According to the hearing examiner, this length of time provided the plaintiff "ample opportunity to reflect on the wrongfulness of his conduct," and yet he reoffended anyway.

The hearing examiner's conclusion that factor 2 applied is consistent with a regulation promulgated by the board. See 803 Code Mass. Regs. § 1.33(2)(a) (2016) (stating that "Factor 2 is applied when a sex offender engages in two or more separate episodes of sexual misconduct" and further providing that "[t]o be considered separate episodes there must be time or opportunity, between the episodes, for the offender to reflect on the wrongfulness of his conduct"). Through promulgating that regulation, the board has decreed that factor 2 applies whenever the passage of time between sex offenses allows time for moral reflection.[2] In other words, the board has substituted the

---

by forced action or assent . . . 2: an irresistible impulse to perform an irrational act the performance of which tends to disturb a neurotic doer but not a psychotic").

[2] It bears noting that under the board's theory, just about any appreciable break in time between offenses presumably would be sufficient to allow for such reflection. As a result, the board's approach allows it to rely on factor 2 virtually any time there has been more than one sex offense. One counterintuitive exception appears: the board may not apply factor 2 where the sex offender left no time for reflection between multiple sex offenses (even though such extreme conduct might be the epitome of compulsive behavior).

opportunity for moral reflection for the statutory prerequisite of compulsive behavior. For the reasons that follow, I question the board's freedom to do so.

The ability of criminal offenders to reflect on the wrongfulness of their conduct is not unique to sex offenses. Presumably, most people who commit other criminal offenses, such as ordinary assaults, know that what they are doing is wrong. However, the fact that someone may have committed two assaults eight days apart reveals nothing about whether the offender was driven by choice, compulsion, or something else. Whatever else can be said about the thorny issues regarding what causes a particular criminal offender to reoffend, the mere passage of time between offenses hardly demonstrates that such recidivism is compulsive.

Of course, as the Legislature has recognized in another context, the behavior of some sex offenders is driven by psychological compulsions. See G. L. c. 123A, § 12 (recognizing that some sex offenders are so driven by such compulsions that they preemptively can be detained as "sexually dangerous persons"). However, in my view, the presence of such compulsions would need to be demonstrated by competent evidence, not -- as the board effectively maintains -- irrebuttably presumed by a temporal break between offenses. In short, I believe the Legislature made proof of compulsive behavior an

express prerequisite for factor 2 to apply, and I therefore doubt the board's freedom to excise that requirement from the statute.[3]

---

[3] I state no position on whether a plaintiff challenging his level of classification in part based on a claim that 803 Code Mass. Regs. § 1.33(2)(a) was ultra vires, would need to bring a separate declaratory judgment action, or count, to press such a claim.  Compare Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 630 (2011) ("A challenge to the constitutionality of a general regulation cannot be resolved by requesting declaratory relief in an appeal from an administrative agency decision because judicial review is confined to the administrative record, . . . which has been made based on the presumption that the classification scheme is constitutional"), with Doe, Sex Offender Registry Bd. No. 16748 v. Sex Offender Registry Bd., 82 Mass. App. Ct. 152, 157 (2012) (challenge to validity of regulation considered on appeal from classification decision where "the issue [was] purely one of statutory interpretation, a quintessential judicial responsibility").